## SHINBERG v. UNITED STATES.
### L–4661.

District Court, E. D. New York.
May 13, 1933.

Sanford L. Schwartz, of New York City, in pro. per.

Howard W. Ameli, U. S. Atty., of Brooklyn, N. Y., for the United States, and James A. Clark, of New York City, for Veterans' Administration.

BYERS, District Judge.

Sanford N. Schwartz, Esq., the attorney for the plaintiff in this action, seeks an order granting to him, nunc pro tunc, a reasonable counsel fee and allowance for services rendered in the above-entitled action, and for such other relief, etc.

The complaint was filed on July 2, 1931, and plaintiff sought to recover judgment on a $10,000.00 War Risk Insurance policy issued to him while he was in the military serv-

ice of the United States; answer was filed on August 2, 1931, and, pursuant to stipulation dated November 27, 1931, an order was signed by the Clerk, discontinuing the action without costs to either party against the other.

The discontinuance was agreed to as the result of the settlement of the said action as the result of negotiations conducted in part by the petitioner as attorney for the plaintiff; to wit, the government offered a compromise of approximately $5,272.32, and the payment of monthly benefits due the insured, at the rate of $54.92, during the continuance of the permanent and total disability of the plaintiff.

No provision was made for the payment of the petitioner's fees as attorney for the plaintiff, and he now seeks an order which shall award to him compensation of 10% of the amount agreed to be paid by the government, payable out of that fund.

The motion is resisted by the attorney for the Veterans Administration, to whom notice of the motion was given, but not by either the plaintiff (who has been declared to be incompetent) or his wife, who was formerly his committee.

The difficulty confronting the petitioner is clearly stated in the opinion of Mr. Justice Martin, who wrote for the Appellate Division in the First Department in an appeal taken from an order granted at Special Term in New York County, awarding the compensation herein sought to be secured. The opinion will be found in Re Shinberg's Estate, 263 N. Y. S. 354.

As therein stated, compensation out of the amount recovered is controlled by section 500 of the World War Veterans' Act, as amended (38 USCA § 551) and can be awarded only "wherever a judgment or decree shall be rendered in an action brought pursuant to said section 445 of this chapter. * * * "

As no judgment or decree has been rendered in this action, and none can be, there is no mandate of the Court, such as is contemplated by the statute, in which the desired provision can be incorporated.

It seems unfortunate that the services rendered by the petitioner must be thus summarily dealt with, but this Court cannot confer jurisdiction upon itself to subject the proceeds of the settlement to a lien in favor of petitioner, in the absence of statutory sanction therefor.

This disposition of the motion is not to be construed into an approval of the contentions advanced by the Veterans Administra-tion to the effect that the Court never had jurisdiction of the original action, and therefore the petitioner is not entitled to the benefit of the award for his services rendered therein. That contention is thought to lack merit to a marked degree.

Motion denied. Settle order.