## CONLON v. ADAMSKI et al.

### No. 6300.

United States Court of Appeals for the District of Columbia.

Argued March 6, 1935.

Decided April 15, 1935.

James B. Archer and Warren E. Miller, both of Washington, D. C., for appellant.

Leslie C. Garnett, John J. Wilson, John M. George, David Wiener, and James T. Brady, all of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

VAN ORSDEL, Associate Justice.

Appellant James Conlon and appellee Roman Adamski on September 11, 1933, entered into a contract in writing whereby appellee employed appellant as attorney to bring a mandamus proceeding in the Supreme Court of the District of Columbia to enforce the payment of a claim alleged to be due him upon a war risk insurance policy for the sum of $8,740. According to the contract, out of this claim appellant was to be paid for his services the sum of $2,500.

A petition for mandamus was filed in the Supreme Court of the District of Columbia, and in answer thereto respondent, appellee Hines, admitted that the amount claimed was due Adamski and payment would be made in due course. Whereupon Adamski notified appellant that he would make application for the check for the full amount of the claim and take the funds and go to Europe. Conlon then filed a bill for injunctive relief and the appointment of a receiver, praying that he be decreed to have an equitable lien upon the check, draft, or award, for the settlement of his claim and for general relief. Adamski, through his attorney, moved to dismiss the bill of complaint, and from an order sustaining the motion this appeal was taken.

Appellant in his bill alleges, among other things: "That the said Frank T. Hines, Administrator of Veterans Affairs, has answered the petition for writ of mandamus and return to the rule to show cause, admitting in substance the facts contained in the petition, and stating 'that the respondent will in due course award and pay to the petitioner the installments of insurance so found due and payable.' Plaintiff avers that the services rendered by him as attorney in the mandamus proceedings resulted in the promised payment by the Administrator of Veterans Affairs of the $8,740.00 plus $57.50 per month for each month since March 1932 to the defendant, Adamski."

It thus appears from the averments of the bill that the most that can be deduced from the answer of Hines is an anticipated allowance of a claim against the government, hence plaintiff's contract for attorney's fees amounts in effect to an assignment of a portion of a claim alleged to be pending against the government. Such an assignment is absolutely void under section 3477, Rev. Stats. (31 USCA § 203), which provides as follows: "All transfers and assignments made of any claim upon the United States, or of any part or share thereof, or interest therein, whether absolute or conditional, and whatever may be the consideration therefor, and all powers of attorney, orders, or other authorities for receiving payment of any such claim, or of any part or share, thereof, shall be absolutely null and void, unless they are freely

made and executed in the presence of at least two attesting witnesses, after the allowance of such a claim, the ascertainment of the amount due, and the issuing of a warrant for the payment thereof. Such transfers, assignments, and powers of attorney, must recite the warrant for payment, and must be acknowledged by the person making them, before an officer having authority to take acknowledgements of deeds, and shall be certified by the officer; and it must appear by the certificate that the officer, at the time of the acknowledgement, read and fully explained the transfer, assignment, or warrant of attorney to the person acknowledging the same."

The contract here in question is a futile attempt to convey or assign an interest in a pending claim against the United States, and it complies with none of the requirements of the statute. It is neither witnessed nor acknowledged as therein required, nor does it purport to apply to a claim upon which a warrant has already been issued. But it is claimed that this statute is not applicable to the present case, and that the contract is merely one for an attorney's fee in a proceeding to enforce the issuance of a warrant for the payment of the claim in compliance with an alleged finding already made by the Director of Insurance, Veterans' Administration. The contract clearly amounts to an attempted assignment of a portion of an obligation due from the United States to appellee Adamski, but not yet reduced to payment by the issuance of a warrant.

 Assuming, however, though by no means conceding, that section 3477, R. S., supra, is inapplicable to the present case, appellant's contention would not be improved, since he comes in conflict with the provisions of section 551, title 38, U. S. C. (38 USCA § 551), which makes it a criminal offense under any circumstances "to solicit, contract for, charge, or receive, any fee or compensation," in excess of 10 per centum of the amount recovered in such a proceeding.

But it is contended that by section 17 of the Economy Act of 1933, 48 Stat. 8 (38 USCA §§ 717, 718), repealing all laws granting or pertaining to yearly renewable term insurance, the prohibitive provisions of section 551 were repealed, and that such repeal continues, notwithstanding the decision of the Supreme Court in Lynch v. United States, 292 U. S. 571, 54 S. Ct. 840, 842, 78 L. Ed. 1434, wherein section 17, supra, was in part held unconstitutional; and that inasmuch as section 551 has not been re-enacted, the prohibitive provisions therein contained, limiting attorney's fees, are repealed and no longer in force.

With this contention we cannot agree. Section 17, among other things, provides: "All public laws granting medical or hospital treatment, domiciliary care, compensation and other allowances, pension, disability allowance, or retirement pay to veterans and the dependents of veterans of the Spanish-American War, including the Boxer Rebellion and the Philippine Insurrection, and the World War, or to former members of the military or naval service for injury or disease incurred or aggravated in the line of duty in the military or naval service (except so far as they relate to persons who served prior to the Spanish-American War and to the dependents of such persons, and the retirement of officers and enlisted men of the Regular Army, Navy, Marine Corps, or Coast Guard) are hereby repealed, and all laws granting or pertaining to yearly renewable term insurance are hereby repealed." 38 USCA § 717.

The court in its decision differentiated between those portions of the foregoing statute denominated as "public laws," relating to benevolent purposes such as pensions, compensation allowances, hospital, and other privileges, and laws pertaining to yearly "renewable term insurance," holding the act constitutional as to the former and unconstitutional as to the latter. Distinguishing between war risk insurance policies and mere pensions or gratuities accorded by the government, the court said: "War risk insurance, while resembling in benevolent purpose pensions, compensation allowances, hospital and other privileges accorded to former members of the Army and Navy or their dependents, differs from them fundamentally in legal incidents. Pensions, compensation allowances, and privileges are gratuities. They involve no agreement of parties; and the grant of them creates no vested right. The benefits conferred by gratuities may be redistributed or withdrawn at any time in the discretion of Congress. United States v. Teller, 107 U. S. 64, 68, 2 S. Ct. 39, 27 L. Ed. 352; Frisbie v. United States, 157 U. S. 160, 166, 15 S. Ct. 586, 39 L. Ed. 657; United States v. Cook, 257 U. S. 525, 527, 42 S. Ct. 200, 66 L. Ed. 350. On the other hand, war risk policies, being contracts, are property and create vested rights. The terms of

these contracts are to be found in. part in the policy, in part in the statutes under which they are issued and the regulations promulgated thereunder."

The court, in holding the provisions of section 17 of the Economy Act, repealing all laws granting or pertaining to yearly renewable term insurance unconstitutional, left section 551 as it found it. The elementary rule of statutory construction is without exception that a void act cannot operate to repeal a valid existing statute, and the law remains in full force and operation as if the repeal had never been attempted. Frost v. Corporation Commission of Oklahoma et al., 278 U. S. 515, 526, 527, 49 S. Ct. 235, 73 L. Ed. 483.

The decree is affirmed.