## LUCAS v. UNITED STATES. *
### No. 7731.

Circuit Court of Appeals, Fifth Circuit.
Dec. 4, 1935.

*Writ of certiorari denied 56 S. Ct. 502, 80 L. Ed. —.

Leonard Brown, of San Antonio, Tex., and J. Cleo Thompson, of Dallas, Tex., for appellant.

W. R. Smith, Jr., U. S. Atty., and Ben F. Foster, Henry W. Moursund, and James F. Jackson, Asst. U. S. Attys., all of San Antonio, Tex.

Before FOSTER, SIBLEY, and HUTCHESON, Circuit Judges.

SIBLEY, Circuit Judge.

The appeal is from a conviction for receiving and retaining a fee as an attorney at law in a war risk insurance suit greater than the 10 per cent. awarded in the judgment. The sole error assigned is the overruling of a demurrer to the indictment, the grounds of which were that the penal provisions of section 500 of the World War Veterans' Act (38 U.S.C.A. § 551), on which the indictment rested, were repealed by section 17 of the Act of March 20, 1933, commonly called the Economy Act (38 U.S.C.A. §§ 717, 718), and that the indictment was uncertain in that it did not say what kind of war risk insurance was involved. The latter point takes its importance from the fact that only yearly renewable term insurance purported to be affected by the repealing provision of the Economy Act. The indictment alleges, in substance, that the appellant as an attorney was engaged in the prosecution of a suit against the United States for the recovery of war risk insurance under the provisions of the act of Congress entitled World War Veterans' Act of 1924 and amendments, and particularly section 19 thereof (38 U.S.C.A. § 445), it being a suit by named beneficiaries of the insurance of a named deceased soldier lately in the service of the United States, and that appellant on June 9, 1934, charged, received, and retained as a fee on a judgment for $6,500 more than the 10 per cent. allowed him in the judgment, to wit, $2,000 in addition to the $650 so allowed in the judgment, contrary to the provisions of section 500 of the said act (38 U.S.C.A. § 551). The indictment does not disclose whether the insurance was yearly renewable term insurance or converted insurance, nor whether the suit was pending or in judgment at the passage of the Economy Act. Section 500 of World War Veterans' Act (38 U.S.C.A. § 551), after limiting to $10 the charges for assistance in presenting both insurance and compensation claims without legal proceedings on them, continues: "Provided however, That wherever a judgment or decree shall be rendered in an action brought pursuant to said section 445 of this chapter the court, as a part of its judgment or decree, shall determine and allow reasonable fees for the attorneys of the successful party or parties and apportion same if proper, said fees not to exceed 10 per centum of the amount recovered. * * * Any person who shall, directly or indirectly, solicit, contract for, charge, or receive or who shall attempt to solicit, contract for, charge, or receive, any fee or compensation, except as herein provided, shall be guilty of a misdemeanor," and shall be punished, etc. Turning to section 445, we find that it relates to suits both on yearly renewable term insurance and converted insurance. The penal provision covers charges in excess of $10 for assistance with unsued claims for compensation and insurance, and charges in excess of 10 per cent. in suits for either term or converted insurance.

The Economy Act, § 17 (48 Stat. 11 [38 U.S.C.A. §§ 717, 718]), first repealed by a detailed reference to them certain gratuities and pensions to various classes of veterans, and then added, "and all laws granting or pertaining to yearly renewable term insurance are hereby repealed. * * * Provided, That nothing contained in this section shall interfere with payments heretofore made or hereafter to be made under contracts of yearly renewable term insurance which have matured prior to the date of en-

actment of this chapter and under which payments have been commenced, or on any judgment heretofore rendered in a court of competent jurisdiction in any suit on a contract of yearly renewable term insurance, or which may hereafter be rendered in any such suit now pending." The clause repealing all laws granting or pertaining to yearly renewable term insurance was held unconstitutional as to existing contracts in Lynch v. United States, 292 U.S. 571, 54 S.Ct. 840, 78 L.Ed. 1434. The contention is that the clause nevertheless is operative to repeal the penal provision of section 500 as a law pertaining to such insurance, there being no constitutional hindrance to the mere repeal of a penal statute, and that the quoted proviso did not as to existing judgments or as to pending suits retain the penal provision but only preserved intact the payments to be made. The contention cannot prevail. The repeal of the criminal provision, if intended at all, was not by a separate clause independent of other repeals, but only as a part of the plan to repeal all laws pertaining to yearly renewable term insurance. If that plan fails by reason of unconstitutionality, its failure is total; for there can be no certainty, and there is no probability that Congress would have repealed some of the laws on the subject independently of the repeal of others. The repealing clause under discussion must be held indivisible and to fail in its entirety. See Lynch v. United States, supra; Allen v. Louisiana, 103 U.S. (13 Otto) 80, 26 L.Ed. 318; Field v. Clark, 143 U.S. 649, 12 S.Ct. 495, 36 L.Ed. 294; United States v. Ju Toy, 198 U.S. 253, 25 S.Ct. 644, 49 L.Ed. 1040; Commissioner of Internal Revenue v. Wilson (C.C.A.) 76 F.(2d) 766. But we go further and hold that the penal provision was not intended to be repealed. It is not a law granting or pertaining to yearly renewable term insurance, but a law relating to all sorts of war risk insurance and to compensation also. If the repealing clause under discussion had been valid, it would not be held to destroy section 500 or any part of it. It would affect it not by way of repealing it, but only by removing from existence one of the subject-matters to which it applies. By the decision in the Lynch Case, that subject-matter remains, so that the statute stands not only unrepealed, but with the scope of its operation unimpaired. The indictment charged a crime. There remains no force in the objection that the indictment should have alleged whether yearly renewable term insurance or some other was involved. There would be a crime whether it were the one sort or the other. It is not contended that the defendant was not sufficiently informed as to the particular transaction referred to. A bill of particulars would have cured such an objection. Hood v. United States (C.C.A.) 23 F.(2d) 472. The judgment is affirmed.