## UNITED STATES v. RHODES.

### No. 8999.

District Court, M. D. Pennsylvania.

Feb. 12, 1937.

Frederick V. Follmer, U. S. Atty., and Arthur A. Maguire, Asst. U. S. Atty., both of Scranton, Pa.

Leo G. Knoll, of Scranton, Pa., for defendant.

WATSON, District Judge.

This is a demurrer to an indictment containing two counts and charging the defendant with a violation of the World War Veterans' Act of June 7, 1924, as amended (38. U.S.C.A. § 421 et seq.).

The first count charges that the defendant, "an agent engaged in furnishing such assistance as was required in the presentation and execution of the necessary papers in an application to the United States Veterans Bureau, commonly called the Veterans Administration, and in the presentation of a claim to the said United States Veterans Bureau, commonly called the Veterans Administration, and more particularly the claim of Gladys M. Wall as a fiduciary, to wit, the duly appointed guardian of Seward Ralph Wall, for permanent total disability benefits under a Ten Thousand ($10,000.00) Dollar War Risk Term Insurance Contract of the said Seward Ralph Wall, did, on or about the 5th day of July, 1932, at Thompson, County of Susquehanna, State of Pennsylvania, in the Middle District thereof, and within the jurisdiction of this Court, knowingly, wilfully, and unlawfully solicit, charge and receive a fee and compensation for the said assistance rendered as aforesaid, to wit, the sum of Thirty-five Hundred ($3500.00) Dollars, and which said fee and compensation so solicited, charged and received by the said Walter C. Rhodes was then and there in excess of the sum of Ten ($10.00) Dollars as provided and allowed by the provisions of the Act of June 7, 1924, c. 320, § 500, as amended by Act March 4, 1925 (38 U.S.C.A. § 551), and not in connection with any judgment or decree rendered in any action brought pursuant to section 445 of Chapter 10 of title 38 of the United States Code [38 U.S.C.A. § 445]."

As to this count, the only question is whether the Act of June 7, 1924, § 500, as amended (38 U.S.C.A. § 551), makes it an offense to charge more than $10 for services rendered as agent in presenting a claim for benefits under a war risk term insurance contract to the United States Veterans' Bureau.

Section 500 of the Act of 1924, as amended by Act March 4, 1925 (38 U. S.C.A. § 551), provides: "Except in the event of legal proceedings under section 445 of this chapter, no claim agent or attorney except the recognized representatives of the American Red Cross, the American Legion, the Disabled American Veterans, and Veterans of Foreign Wars, and such other organizations as shall be approved by the director shall be recognized in the presentation or adjudication of claims under Parts II, III, and IV of this chapter, and payment to any attorney or agent for such assistance as may be required in the preparation and execution of the necessary papers in any application to the bureau shall not exceed $10 in any one case. * * * Any person who shall, directly or indirectly, solicit, contract for, charge, or receive, or who shall attempt to solicit, contract for, charge, or receive, any fee or compensation, except as herein provided, shall be guilty of a misdemeanor, and for each and every offense shall be punishable by a fine of not more than $500 or by imprisonment at hard labor for not more than two years, or by both such fine and imprisonment."

It is defendant's contention that the penal provisions of this section apply only to fees charged for assistance in making applications for benefits provided for in parts 2, 3, and 4, 38 U.S.C.A. §§ 471–539, and that, since claims for war risk term insurance benefits are not made by authority of any of the provisions of these parts, but by authority of the War Risk Insurance Act of 1914, 38 Stat. 711, the penal provisions of which are now repealed, the indictment does not allege facts constituting a violation of the provisions of the Act of 1924, as amended.

The indictment alleges that the compensation charged and received by the defendant was charged and received for assistance rendered in the presentation of a claim to the United States Veterans'

112

Bureau, which is the bureau referred to in section 500. The section clearly states that compensation shall be limited to $10 in the case of any claim made to the Bureau, and provides a penalty for charging or receiving any fee or compensation except as provided therein. It does not state that the limitation on the fee or compensation charged is to be applied to applications under parts 2, 3, and 4, only, and nothing has been presented to the court which would justify such a narrow construction of the act. Although a criminal statute is to be construed strictly in favor of the accused, Ex parte Webb, 225 U.S. 663, 689, 32 S.Ct. 769, 56 L.Ed. 1248, "the proper course in all cases is to adopt that sense of the words which best harmonizes with the context, and promotes in the fullest manner the policy and objects of the legislature." United States v. Hartwell, 6 Wall. 385, 396, 18 L.Ed. 830. Certainly Congress never intended that agents and attorneys should be allowed to exact unlimited fees from veterans, their guardians or dependents, for services in connection with claims under war risk term insurance contracts, and that the exaction of excessive fees by persons performing the same service in connection with claims for the benefits created by the Act of 1924 should be punished. Extortion is just as harmful in the one case as in the other, and is certainly just as likely to be accomplished.

No case has been called to the court's attention in which the precise question presented by the demurrer has been decided. However, during the course of the thirteen years the act has been in force, courts have generally applied section 500 to cases involving the question of fees to be charged for services in making claims under war risk term insurance contracts. Conlon v. Adamski, 64 App.D.C. 274, 77 F.(2d) 397; In re Shinberg's Estate, 238 App.Div. 74, 263 N.Y.S. 354; Shinberg v. United States (D.C.) 3 F. Supp. 327; In re War Risk Insurance, Attorneys' Fees (D.C.) 52 F.(2d) 187; United States v. Lyke (C.C.A.) 19 F.(2d) 876; Saunders v. United States (C.C.A.) 22 F.(2d) 619. Indictments and convictions of agents and attorneys under the provisions of this act for the same conduct as that with which defendant is charged, have been upheld in every case brought to the court's attention. Purvis v. United States (C.C.A.) 61 F.(2d) 992;

Breedin v. United States (C.C.A.) 73 F.(2d) 778; Lucas v. United States (C.C.A.) 80 F.(2d) 372; Smith v. United States (C.C.A.) 83 F.(2d) 631. The clear language of the statute and every consideration of reason and justice compels the conclusion that the first count of the indictment charges conduct which constitutes a violation of the World War Veterans' Act of 1924, as amended, § 500, and, as to that count the demurrer should be dismissed.

As to the second count of the indictment, the only ground for the demurrer raised by defendant is identical with the ground raised in a prior demurrer filed April 28, 1936, and dismissed by order of this court June 23, 1936.

The defendant's demurrer filed December 2, 1936, is dismissed.