**UNITED STATES of America, Appellant,**

**v.**

**Stuart CLEVELAND and Augustine Cleveland, Appellees.**

**UNITED STATES of America, Appellant,**

**v.**

**Daven CHIAGO and Sanford Chiago, Appellees.**

**Nos. 73–3604, 74–1113.**

United States Court of Appeals, Ninth Circuit.

Sept. 25, 1974.

Rehearing Denied Jan. 27, 1975.

David Adler, Crim. Div., Dept. of Justice (argued), Washington, D. C., for appellant.

Tom Karas (argued), Federal Public Defender, Phoenix, Ariz., Nick L. Rayes (argued for 74–1113), Phoenix, Ariz., for appellees.

Before BARNES and HUFSTEDLER, Circuit Judges, and ENRIGHT, District Judge.*

## OPINION

HUFSTEDLER, Circuit Judge:

Defendants Stuart and Augustine Cleveland, who are Indians, were charged under 18 U.S.C. § 1153 with assault with a deadly weapon upon named Indians and non-Indians, following an affray on an Arizona Indian reservation among the Clevelands and tribal and Arizona police. Defendants Daven and Sanford Chiago, also Indians, were charged with aiding and abetting an assault resulting in serious bodily injury to another Indian, an offense likewise occurring on an Indian reservation in Arizona. The district court dismissed the indictments on the ground that the statutes on which the prosecutions were founded unconstitutionally discriminated against these Indians in that Indians are subjected to harsher punishment than non-Indians who commit the same offenses, and, in prosecutions for assault with a dangerous weapon, the Government is given a lighter burden of proof in prosecuting Indians than is required in prosecuting non-Indians.

Federal jurisdiction for the prosecution of crimes committed on Indian reservations and the choice of federal or state criminal law in such prosecutions are based on 18 U.S.C. §§ 1152, 1153. Under section 1152 crimes committed by non-Indians against Indians and by Indians against non-Indians, with certain exceptions for Indian offenders, are subject to federal prosecution under federal substantive criminal law.[1] Section 1153, before the 1966 and 1968 amendments, applied federal substantive criminal law to listed major offenses committed by Indians against Indians and non-Indians, including assault with a dangerous weapon.[2] The relevant 1966 and 1968 amendments added assault resulting in serious bodily injury to the listed offenses and adopted state law to define that offense and assault with a dangerous weapon and to prescribe the punishment for both offenses.[3]

---

* Honorable William B. Enright, Southern District of California, sitting by designation.

1. Section 1152 provides:

"Except as otherwise expressly provided by law, the general laws of the United States as to the punishment of offenses committed in any place within the sole and exclusive jurisdiction of the United States, except the District of Columbia, shall extend to the Indian country.

"This section shall not extend to offenses committed by one Indian against the person or property of another Indian, nor to any Indian committing any offense in the Indian country who has been punished by the local law of the tribe, or to any case where, by treaty stipulations, the exclusive jurisdiction over such offenses is or may be secured to the Indian tribes respectively."

2. Section 1153 then provided:

"Any Indian who commits against the person or property of another Indian or other person any of the following offenses, namely, murder, manslaughter, rape, incest, assault with intent to kill, assault with a dangerous weapon, arson, burglary, robbery, and larceny within the Indian country, shall be subject to the same laws and penalties as all other persons committing any of the above offenses, within the exclusive jurisdiction of the United States.

". . ."

"As used in this section, the offense of burglary shall be defined and punished in accordance with the laws of the State in which such offense was committed." June 25, 1948, c. 645, 62 Stat. 758; May 24, 1949, c. 139, § 26, 63 Stat. 94.

3. These amendments are italicized:

"Any Indian who commits against the person or property of another Indian or other person any of the following offenses, namely, murder, manslaughter, rape, carnal knowledge of any female, not his wife, who has not attained the age of sixteen years, assault with intent to commit rape, incest, assault with intent to kill, assault with a dangerous weapon, *assault resulting in serious bodily injury*, arson, burglary, robbery, and larceny within the Indian country, shall be subject to the same laws and penalties as all other persons committing any of the above offenses, within the exclusive jurisdiction of the United States.

". . ."

The federal assault statute that is applicable to offenders subject to federal law is section 113, which in pertinent part, states:

"Whoever, within the special maritime and territorial jurisdiction of the United States, is guilty of an assault shall be punished as follows:

\*   \*   \*   \*   \*   \*

"(c) Assault with a dangerous weapon, with intent to do bodily harm, and without just cause or excuse, by fine of not more than $1,000 or imprisonment for not more than five years, or both.

"(d) Assault by striking, beating, or wounding, by fine of not more than $500 or imprisonment for not more than six months, or both."

The pertinent Arizona assault statutes are Arizona Revised Statutes sections 13–245(A)(5), 13–245(C), and 13–249. Section 13–245(A)(5) defines aggravated assault or battery as that in which "a serious bodily injury is inflicted upon the person assaulted," for punishment of which section 13–245(C) prescribes a minimum of five years in prison. Section 13–249 provides:

"Assault with deadly weapon or force; punishment

"A. A person who commits an assault upon the person of another with a deadly weapon or instrument, or by any means or force likely to produce great bodily injury, shall be punished

. . . .

"B. A crime as prescribed by the terms of subsection A, committed by a person armed with a gun or deadly weapon, is punishable by imprisonment in the state prison, for the first offense, for not less than five years

. . . ."

■ Crimes committed by non-Indians against non-Indians on an Indian reservation are excluded from section 1152 because, absent a contrary provi-

"As used in this section, the offenses of burglary, *assault with a dangerous weapon, assault resulting in serious bodily injury,* and incest shall be defined and punished in accordance with the laws of the

sion in a treaty with the Indians, the state in which the reservation is situated has exclusive jurisdiction over such crimes. (New York ex rel. Ray v. Martin (1946) 326 U.S. 496, 66 S.Ct. 307, 90 L.Ed. 261; United States v. Ramsey (1926) 271 U.S. 467, 46 S.Ct. 559, 70 L. Ed. 1039; United States v. McBratney (1881) 104 U.S. (14 Otto) 621, 26 L.Ed. 869.)

The interaction of sections 1152 and 1153, as amended, together with the impact of *Martin, Ramsey* and *McBratney*, produces the following results in cases of assault with a dangerous weapon and assault resulting in great bodily injury, when these offenses are committed on Indian reservations in Arizona:

(1) The Arizona law of assault applies to an offense committed by a non-Indian against a non-Indian because no federal jurisdiction exists.

(2) Federal law applies to an assault by a non-Indian against an Indian.

(3) Arizona law applies to an assault by an Indian against either an Indian or a non-Indian.

I

■ Counts II through VII of the Cleveland indictments each involve an assault by an Indian against a non-Indian. The due process and equal protection challenges to these counts are based on the claim that a non-Indian defendant who assaults with a dangerous weapon a non-Indian is subjected to the heavier burden of proof on the Government and to the less harsh penalties of 18 U. S.C. §§ 113(c), 113(d), whereas an Indian who assaults a non-Indian, is subjected to the lighter governmental burden and the harsher penalties of Arizona law. The constitutional attacks must fail because the premise is wrong. Non-Indians who assault non-Indians and Indians who assault non-Indians are both subject solely to Arizona law. The federal government has no jurisdiction to prosecute or to punish crimes in the

State in which such offense was committed."

As amended Nov. 2, 1966, Pub.L. 89–707, § 1, 80 Stat. 1100; Apr. 11, 1968, Pub.L. 90–284, Title V, § 501, 82 Stat. 80.

former category, and Congress has adopted Arizona law in respect of the latter class. In the face of *Martin, Ramsey* and *McBratney, supra,* Congress could not have asserted federal jurisdiction to define the crime or to prescribe the punishment for non-Indian assaults on non-Indians. The effect of the 1966 and 1968 amendments to section 1153, subjecting Indians who assault non-Indians to state law was to create equal treatment of non-Indian and Indian defendants for this category of offenses,[4] excepting only that the Indians are prosecuted in federal courts and non-Indian defendants are prosecuted in the state courts. The Indians do not contend that the difference in jurisdiction denies them either due process or equal protection.

## II

Count I of the indictment against Augustine Cleveland, Count VIII against both Clevelands, and the indictment against the Chiagos each charge an assault offense committed by an Indian against an Indian. The equal protection arguments strike home in this instance because the 1966 and 1968 amendments to section 1153 created substantial disparities between Indian defendants and non-Indian defendants who are charged with committing identical offenses.[5] The sole distinction between the defendants who are subjected to state law and those to whom federal law applies is the race of the defendant. No federal or state interest justifying the distinction has been suggested, and we can supply none. The 1966 and 1968 amendments to section 1153 as applied to adopt Arizona law in defining and punishing assault with a dangerous

weapon and assault resulting in serious bodily injury alleged to have been committed by an Indian against an Indian are violative of the equal protection requirement of the Fifth Amendment. (*E. g.,* Johnson v. Robison (1974) 415 U.S. 361, 364–365 n. 4, 94 S.Ct. 1160, 39 L.Ed.2d 389; McLaughlin v. Florida (1964) 379 U.S. 184, 85 S.Ct. 283, 13 L. Ed.2d 222 (applying the equal protection clause of the Fourteenth Amendment); Bolling v. Sharpe (1954) 347 U.S. 497, 74 S.Ct. 693, 98 L.Ed. 884.[6] *Cf.* Keeble v. United States (1973) 412 U.S. 205, 93 S.Ct. 1993, 36 L.Ed.2d 844.)

## III

The entire indictment of the Chiagos and Count I and VIII of the Clevelands' indictment were properly dismissed. Although we have struck down only those portions of the challenged 1966 and 1968 amendments to section 1153 that adopt the Arizona law of assault as applied to an Indian's assault on an Indian, we refuse to sever from the statute those parts of the amendments that are unconstitutional for the purpose of saving the indictments drawn upon the amended statute.

We firmly reject the Government's invitation to rewrite the penalty provisions of the applicable statutes to equalize the punishment of Indians and non-Indians charged with assaulting Indians. Fixing the punishment for crimes is a legislative, rather than a judicial function. (*Cf.* United States v. Evans (1948) 333 U.S. 483, 68 S.Ct. 634, 92 L. Ed. 823.)

The dismissal of the Chiago indictment is affirmed. The dismissal of Counts I and VIII of the Cleveland in-

---

4. In a case involving offenses committed by Indians against non-Indians, similar constitutional arguments were rejected by this Circuit for similar reasons. Henry v. United States (9th Cir. 1970) 432 F.2d 114.

5. The statutory scheme, as applied in these cases, makes Indians subject to more severe punishment than are non-Indians (*compare* 18 U.S.C. § 113(c), (d) *with* Ariz.Rev.Stat. §§ 13–249, 13–245(A)(5), (C)) and reduces the prosecutor's burden of proof (*compare* 18 U.S.C. § 113(c) *with* Ariz.Rev.Stat. § 13–249(A)).

6. Mull v. United States (9th Cir. 1968) 402 F.2d 571 upheld against constitutional attack the assault provisions of § 1153 as applied to an Indian assaulting with a dangerous weapon a non-Indian *before* the challenged amendments became effective. Prior to the amendments, assaults with a dangerous weapon committed by an Indian on an Indian were subject to federal law the same as a similar assault by a non-Indian on an Indian.

dictment is affirmed. The dismissal of Counts II through VII of the Cleveland indictment is reversed, and the cause is remanded to the district court.

### OPINION ON DENIAL OF RE-HEARING

PER CURIAM:

■ Nothing in our opinion forecloses a *new* indictment based on 18 U.S.C. § 1153 as it read prior to the amendments that have been constitutionally invalidated.