**UNITED STATES of America,
Appellee,**

v.

**Warfield Milo GOINGS, Appellant.**

**No. 75–1276.**

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 12, 1975.

Decided Oct. 24, 1975.

Thomas A. Mayer, Bismarck, N. D., for appellant.

Lynn E. Crooks, Asst. U. S. Atty., Fargo, N. D., for appellee.

Before BRIGHT and ROSS, Circuit Judges, and TALBOT SMITH, Senior District Judge.*

BRIGHT, Circuit Judge.

Warfield Milo Goings, an Indian, was convicted by a jury on a two-count indictment. Count I charged assault with a dangerous weapon with intent to do bodily harm committed by an Indian in Indian country (Standing Rock Indian Reservation in North Dakota) in violation of 18 U.S.C. § 1153 (incorporating North Dakota Century Code 12–26–08). Count II charged that defendant, a felon, possessed and received a firearm which had moved in interstate commerce in violation of 18 U.S.C. App. § 1202(a)(1). District Judge Bruce Van-Sickle sentenced Goings to concurrent terms of three years and one year imprisonment respectively. He directed that the sentence run concurrently with any other lawful imprisonment now being served by appellant. Goings' appeal asserts that the evidence was insufficient to sustain count I, that he was subjected to double jeopardy because of the issuance of a tribal order arising out of these incidents which excluded him from the Standing Rock Reservation, and that the statute under which he was prosecuted, § 1153, was unconstitutional in its application to him. He additionally challenges the sufficiency of the evidence to sustain count II, the manner in which the prosecution introduced proof of a prior conviction on this count, and the validity of count II of the indictment. We reject these claims, and affirm.

* TALBOT SMITH, Senior District Judge, Eastern District of Michigan, sitting by designation.

## I. Sufficiency of the Evidence.

Under the evidence, the jury could find that appellant entered a bar in Fort Yates, North Dakota, carrying a loaded .22 pistol, and that he threatened one Raymond (Sandy) Luger with the gun. Luger and others pounced on Goings in order to disarm him. Five shots were fired, hitting no one.

Goings claimed that an unknown person handed him the gun and that he shot into the floor to prevent his assailants from turning the weapon against him. The jury by its verdict rejected this theory. The evidence also showed that Goings had been previously convicted in the state of Nebraska of feloniously carrying a concealed weapon and sentenced to a penal term of 17 months. The record discloses ample evidence to sustain the convictions under counts I and II.

## II. Constitutionality of § 1153.

■ Section 1153 provides that several serious offenses, including "assault with a dangerous weapon" when committed by an Indian within the Indian country "shall be defined and punished in accordance with the laws of the State in which such offense was committed." The statute as here applicable incorporates into its operative provisions that portion of the North Dakota Century Code, which reads:

> Every person who, with intent to do bodily harm and without justifiable or excusable cause, commits any assault or assault and battery upon the person of another with any sharp or dangerous weapon, shall be punished by imprisonment in the penitentiary for not less than one year nor more than five years, or in a county jail for not more than one year. [N.D.Cent.Code 12–26–08.] [1]

Appellant asserts that a non-Indian committing a similar assault with a dangerous weapon in Indian country becomes subject to prosecution under other federal statutes, 18 U.S.C. § 1152 and § 113(c).[2] The operative language of § 113(c) governing non-Indians provides that an "assault with a dangerous weapon, with intent to do bodily harm, and without just cause or excuse" subjects the offender to a "fine of not more than $1,000 or imprisonment for not more than five years, or both."

Thus, an Indian who commits an assault against an Indian in Indian country could be subject to different and perhaps harsher treatment than a non-Indian committing a similar crime on the same reservation, depending on the law of the state in which the reservation is located. See United States v. Cleveland, 503 F.2d 1067 (9th Cir. 1974); United States v. Boone, 347 F.Supp. 1031 (D.N.M.1972).[3] For example in Cleveland, the Arizona aggravated assault statutes incorporated by § 1153 did not require proof of a

---

1. We note that North Dakota has completely rewritten its criminal code, effective July 1, 1975. See N.D.Cent.Code 12.1–01 et seq. (Supp.1975).

2. This proposition is not free from doubt. During cross-examination the victim of the assault, Raymond Luger, testified that he is not an enrolled Indian but is of one-quarter Indian ancestry. Neither court nor jury determined Luger's status as an Indian or non-Indian.

   The Supreme Court apparently has held that state courts have exclusive jurisdiction of offenses committed solely between non-Indians on Indian reservations. United States v. McBratney, 104 U.S. 621, 26 L.Ed. 869 (1881); New York ex rel. Ray v. Martin, 326 U.S. 496, 66 S.Ct. 307, 90 L.Ed. 261 (1946); see United States v. Cleveland, 503 F.2d 1067, 1070 (9th Cir. 1974). If Luger is a non-Indian, then any non-Indian who assaulted him would be subject to prosecution in the North Dakota courts under the same state statute that was applied to Goings in this case. The Ninth Circuit has held that a mere difference in forum between that available for Indians and for non-Indians does not violate equal protection. See United States v. Cleveland, supra, 503 F.2d at 1071.

   Since it does not affect the outcome, we accept the parties' apparent assumption that Luger is an Indian and that if Goings were a non-Indian, he would have been tried and sentenced pursuant to 18 U.S.C. §§ 1152 and 113(c) rather than 18 U.S.C. § 1153 and N.D. Cent.Code 12–26–08.

3. We also note the recent decision of the Ninth Circuit in United States v. Antelope, 523 F.2d 400, (9th Cir. 1975). The court's opinion suggests that an inquiry must be made in each state to determine whether the statutory scheme substantially prejudices Indians solely because of their race. See also United States v. Big Crow, 523 F.2d 955 (8th Cir., 1975).

specific intent as is required by §§ 113(c) and 1152 in the prosecution of a non-Indian. Also, the state law called for imprisonment for not less than five years.

The Ninth Circuit in *Cleveland* noted that the statutory scheme as applied to an armed assault committed on an Arizona Indian Reservation subjects Indians to substantially harsher punishment than non-Indians and reduces the prosecutor's burden of proof. *Id.* at n. 5. It found this severe disparity to be without a rational basis. The court therefore invalidated the 1966 and 1968 amendments to § 1153, which amendments served to incorporate by reference into the federal law state statutes relating to assault. However, the court authorized a new indictment based on § 1153 as it read prior to these amendments. *See also United States v. Boone*, 347 F.Supp. 1031 (D.N.M.1972).

The terms of the North Dakota statute which becomes incorporated into § 1153 in this prosecution do not present similar disparities. The essential elements of the offense as defined by North Dakota law are identical to those defined by § 113(c).[4]

Hence, appellant's claim hinges solely upon the disparity in penalties provided by state law compared to those provided by § 113(c). Under either statute, the maximum term of imprisonment is five years; neither statute imposes a minimum term. However, § 113(c) does authorize, alternatively or additionally, a fine of up to $1,000. To the extent that an additional fine might be imposed upon non-Indians, appellant may be benefited rather than prejudiced by his different classification. But appellant argues that were he a non-Indian, a fine might have been imposed in lieu of all or part of his three-year prison term.

Several considerations seriously undercut this claim. First, we note the improbability that a fine would be imposed in lieu of any significant portion of this sentence. As we earlier noted in this opinion, appellant had been previously sentenced to a term of 17 months for a firearm violation. The circumstances of this case when viewed consistently with the jury verdict indicate a premeditated assault with a loaded handgun. This is a serious offense in which the accused directly threatened the personal safety of others.

Second, the absence of a fine as an alternative is of diminished significance because of the many sentencing options available to the trial judge. For example, all or part of the sentence imposed could have been suspended and the defendant placed on probation subject to any reasonable conditions deemed desirable by the trial judge. *See, e. g.,* 18 U.S.C. § 3651 (Supp.1975); 8A Moore, *Federal Practice* ¶ 32.05[5] and n. 24.1. Since either statute permits sentencing alternatives ranging from complete suspension of the entire sentence to five years' imprisonment, we cannot, as a practical matter, attach much significance to appellant's claim.

Finally, District Judge VanSickle, when confronted with appellant's constitutional argument at trial, stated that if defendant were convicted he would be sentenced under "the authority of the lesser capacity of the two statutes."

From this record we must conclude that appellant-Goings suffered no prejudice from the theoretical possibility that a non-Indian under similar circumstances might have received a lesser sentence because of the additional or alternative $1,000 fine authorized by § 113(c). Further, we hold that the punishment provi-

---

4. In this case, the indictment under § 1153 in fact followed the language of an indictment which might be drawn under §§ 1152 and 113(c). It charged

[t]hat on or about the 12th day of November, 1974, in Fort Yates, in the District of North Dakota, within the exterior boundaries of the Standing Rock Sioux Indian Reservation, in Indian country, and within the exclusive jurisdiction of the United States, the above-named defendant, WARFIELD MILO GOINGS, an Indian, with intent to do bodily harm and without justifiable or excusable cause, did assault Raymond (Sandy) Luger with a dangerous weapon, to-wit: a 22-calibre pistol. (Violation of Title 18 U.S.C. Section 1153 and North Dakota Century Code Section 12–26–08).

sions of § 1153 incorporating N.D.Cent. Code 12–26–08 are substantially equivalent to the punishment provided by § 113(c).[5]

We have considered the other contentions advanced by appellant challenging his conviction on count I. They are without merit.

We have also considered appellant's attack on his conviction on the second count as a felon in receipt of a firearm which had moved in interstate commerce. Since appellant received a one-year sentence on this charge to run concurrently with his three-year sentence on count I, we follow the concurrent sentence doctrine[6] and decline to discuss the merits of these arguments.

Accordingly, we affirm.

---

**5.** Under the new North Dakota criminal code it appears that the offense involved in this case would be a "class C felony." N.D.Cent. Code 12.1–17–02. The maximum penalty for such an offense is "five years' imprisonment, a fine of five thousand dollars, or both." N.D. Cent.Code 12.1–32–01. The new code does not apply in the present case.

**6.** "Our policy on direct appeals is not to indulge in a meaningless discourse on appeals when concurrent sentences were imposed." *Entrekin v. United States,* 508 F.2d 1328, 1330 (8th Cir. 1974). *See United States v. Morton,* 483 F.2d 573, 576 (8th Cir. 1973). This case is not within the scope of our holding in *United States v. Belt,* 516 F.2d 873 (8th Cir. 1975).