UNITED STATES of America, Plaintiff-Appellee,

v.

Oscar TUFTI, Defendant-Appellant.

No. 76–1344.

United States Court of Appeals, Ninth Circuit.

June 10, 1976.

Thomas M. Schneiger, Federal Public Defender, Portland, Or., for defendant-appellant.

William W. Youngman, Asst. U. S. Atty., Portland, Or., for plaintiff-appellee.

Before WRIGHT, KILKENNY and SNEED, Circuit Judges.

PER CURIAM:

Tufti pleaded guilty to a charge of assault with a dangerous weapon [18 U.S.C.

§ 1153 ¶ 1; 18 U.S.C. § 113(c)]. The sole issue involves jurisdiction. Tufti argues that Paragraph 1 of Section 1153 provides no basis for prosecution. The district court disagreed, and we affirm.

In *United States v. Cleveland*, 503 F.2d 1067, 1071 (9th Cir. 1974), we struck down the 1966 and 1968 amendments to Section 1153 as being violative of the "equal protection requirement of the Fifth Amendment." In that opinion, however, we specifically left open the possibility that future charges might be brought under the Statute "as it read prior to the amendments that have been constitutionally invalidated." *Id.* at 1072.

Tufti argues that our decision in *Cleveland* effectively nullified Section 1153 in its entirety. This argument must fail. In *Cleveland* we expressly purported to preserve the vitality of Section 1153 as it read before 1966. In so doing, we applied the fundamental principle of statutory construction that "a void act cannot operate to repeal a valid existing statute . . . ." *Conlon v. Adamski,* 64 App.D.C. 274, 77 F.2d 397, 399 (1935), *citing Frost v. Corporation Comm'n,* 278 U.S. 515, 49 S.Ct. 235, 73 L.Ed. 483 (1929). *See also Truax v. Corrigan,* 257 U.S. 312, 42 S.Ct. 124, 66 L.Ed. 254 (1921).

As that portion of Paragraph 1 under which Tufti was charged was a part of Section 1153 prior to its 1966 and 1968 amendments, that portion remains in full force and effect after *Cleveland.*

AFFIRMED.